## SCHARRER v RANZ

Ohio Appeals, 7th Dist, Mahoning Co

No 2451.  Decided Apr 15, 1938

H. C. Waller, Youngstown, for Appellant.
L. L. George, Youngstown, for Appellee.

## OPINION

By BENNETT, J.

On May 24, 1932, the parents of the Appellee, Michael J. Scharrer, deeded to him several parcels of land by a deed which contained a clause, reading as follows:

"As a part of the consideration for this conveyance the said Michael J. Scharrer agrees to care for and provide all necessary food, clothing, shelter and medical attention for Michael Scharrer and Theresa Scharrer and their daughter, Mary Scharrer."

The named beneficiaries were appellee's parents, the grantors, and their daughter, Mary Scharrer, who was, of course, the appellee's sister.

Dr. Ranz filed a statement of claim against Michael J. Scharrer in the Municipal Court of Youngstown, in which he alleged that he had performed a necessary operation upon Mary Scharrer on September 9, 1935, that prior to the operation Mary and her mother had "made known to him the contents" of this deed, that he performed the operation in reliance upon the obligation in said deed, that he charged Michael J. Scharrer the sum of $175.00 for the operation, that said amount was a reasonable charge for the services rendered, and that he accordingly asked for judgment against Michael J. Scharrer in the amount of $175.00.

The Municipal Court overruled a demurrer to the Statement of Claim and, the defendant not desiring to plead further, judgment was entered for the amount prayed for. The Common Pleas Court reversed the ruling, remanded the case, and instructed the Municipal Court to sustain the demurrer.

From that decision Dr. Ranz has appealed to this court on questions of law.

The judgment of the Common Pleas Court must be sustained. Dr. Ranz was not a party to the contract. To give a so-called "third party beneficiary" a right to sue on the contract it must appear that the contract was made directly or primarily for his benefit.

"The cases are unanimous in holding that an incidental or indirect benefit to a third party is not sufficient to give a right of action to him; there must be an intent on the part of the contracting parties that the third party shall be benefited."
9 O. Jur. Contracts, §223.

The contract in question would seem to furnish a very good illustration of the difference between a third party directly intended to be benefited and a third party who might be indirectly benefited.

The parents and Michael J. Scharrer were the parties. The contract was undoubtedly entered into for the benefit of their daughter, Mary Scharrer, and in a proper case she could have sued, as a third party beneficiary, for any breach of her brother's promise.

But in no true sense can we say that the parents contracted with an intent to benefit Dr. Ranz. Any benefit which he would have received by having his bills paid by the grantee would have been only incidental and indirect.

Judgment affirmed.

NICHOLS, PJ, and CARTER, J, concur.